UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff(s), ) | No. CR 3-10-70260 BZ |
| ) | |
| v. ) | |
| ) | **ORDER OF DETENTION PENDING** |
| GREGORY LEE GIUSTI, ) | **TRIAL** |
| ) | |
| Defendant(s). ) | |

The defendant, Gregory Lee Giusti, is charged with one count of obscene or harassing telephone calls, in violation of Title 47, United States Code, Section 223. On April 12, 2010, the Court heard the government's motion for detention. Defendant was present and represented by Assistant Federal Public Defender Elizabeth Falk. Assistant United States Attorney Cynthia Frey appeared for the government.

Having considered the parties' proffers, and the Pretrial Services report which recommends detention, the Court orders that the defendant be detained pending trial. The government has not met its burden of showing by a preponderance of the

1

1  evidence that the defendant presents a risk of flight.
2  However, the Court finds by clear and convincing evidence that
3  the defendant presents a danger to the community in general
4  and to the victim in particular, and that, under 18 U.S.C.,
5  Section 3142(e), no condition or combination of conditions
6  will reasonably assure his appearance as required for the
7  following reasons:
8      1.  The complaint describes forty-eight phone calls and
9  nine voicemail messages consisting of threats and obscenities,
10 transmitted by defendant to a congresswoman.  In one message,
11 defendant threatened that the congresswoman's home would be
12 destroyed if the health care bill passed in the U.S. Congress.
13 The volume and persistence of these calls, the seriousness of
14 the threats made, and the efforts he made to conceal the
15 source of the calls support a finding that the defendant is a
16 danger to the community, especially now that the bill has
17 passed.
18     2.  The defendant has a lengthy criminal history of over
19 fifteen prior arrests and convictions, dating back to 1980.
20 While most of the charges are misdemeanors, some are felonies,
21 and some involve threatening conduct.  In 2005, defendant was
22 convicted of following someone and threatening to kill her.
23 Defendant's criminal behavior has been chronic for more than
24 two decades, and includes serious offenses.  The criminal
25 history indicates a likelihood of recidivism and supports a
26 finding of dangerousness.
27     3.  I am concerned that many of defendant's past offenses
28 occurred while he was on probation.  This suggests that

1  defendant does not respect authority and finds it difficult to
2  control his behavior even when he is being monitored.  Given
3  his history of failure to comply with conditions of release, I
4  find that the defendant is not amenable to supervision.
5       4.   The defendant has a history of medical and
6  psychiatric problems that have necessitated treatment in the
7  past.  He has been diagnosed with borderline personality
8  disorder, and has previously been ordered to complete anger
9  management courses.  Defendant's problems make it more
10 difficult to assure the safety of the community.
11      5.   For the reasons set forth above, and the reasons
12 given during the hearing, I find by clear and convincing
13 evidence that the defendant presents a danger to the community
14 and that no conditions have been presented that will
15 reasonably assure the safety of the community.
16      Therefore, **IT IS HEREBY ORDERED** that:
17      1. The defendant be committed to the custody of the
18 Attorney General for confinement in a corrections facility
19 separate, to the extent practicable, from persons awaiting or
20 serving sentences or being held in custody pending appeal;
21      2. The defendant be afforded reasonable opportunity for
22 private consultation with counsel;
23      3.   On order of a court of the United States or on
24 request of an attorney for the government, the person in
25 charge of the corrections facility in which defendant is
26 confined shall deliver defendants to a United States Marshal
27 ///
28 ///

3

1  for the purpose of an appearance in connection with a court
2  proceeding.
3  Dated: April 12, 2010
4  _____
   Bernard Zimmerman
5  United States Magistrate Judge

6  G:\BZALL\CRIMINAL\ORDERS\DETENTIO\2010\GIUSTI DETENTION ORDER.wpd

4